Filed 9/6/24  P. v. Ayala CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO AYALA,<br><br>    Defendant and Appellant. | D082730<br><br><br><br>(Super. Ct. No. SCD297632) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.


Law enforcement officers conducted a traffic stop of a vehicle that was being driven by defendant Alejandro Ayala, searched the vehicle, and recovered 61.68 grams of methamphetamine, 1.73 grams of cocaine base, 1.34 grams of cocaine, 12.58 grams of fentanyl, more than $20,000 in cash, a

digital scale, small unused bags, a paintball gun, and cell phones that had received numerous text messages referencing drug sales.

After a jury trial, Ayala was found guilty of one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 3); one count of transportation of methamphetamine for sale (*id.*, § 11379, subd. (a); count 4); one misdemeanor count of possession of cocaine (*id.*, § 11350, subd. (a); count 5); and one misdemeanor count of possession of cocaine base (*ibid.*; count 6).  In a bifurcated proceeding, Ayala admitted he suffered a prior strike conviction within the meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)–(i), 668, 1170.12).  The trial court sentenced him to four years in state prison, consisting of the low term of two years for count 4, doubled due to the prior strike conviction.  The court imposed and stayed punishment for count 3 pursuant to Penal Code section 654, and it imposed concurrent 365-day sentences for counts 5 and 6.

Ayala timely appealed the judgment of conviction.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating that counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende* and *Anders v. California* (1967) 386 U.S. 738.  Counsel identified four potential issues to assist us in our review:  (1) whether the trial court prejudicially erred by failing to pre-instruct the jury with CALCRIM No. 103 (Reasonable Doubt) at the start of trial; (2) whether the court prejudicially erred by imposing sentence 20 or more judicial days after the jury returned its guilty verdicts (Pen. Code, § 1191); (3) whether the court abused its discretion by denying Ayala's motion to strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497; and (4) whether the court prejudicially

2

erred by instructing the jury with CALCRIM No. 224 (Circumstantial Evidence: Sufficiency of Evidence), instead of CALCRIM No. 225 (Circumstantial Evidence: Intent or Mental State). Appellate counsel and this court informed Ayala of his right to file a supplemental brief, but Ayala declined to do so.[1]

We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Ayala's counsel. We conclude there is no arguable issue that would result in a reversal or modification of the judgment. We therefore affirm the judgment. Competent counsel has represented Ayala on this appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.

---

[1]     Although Ayala did not file a supplemental brief, he filed an application to relieve his counsel and appoint new counsel. We denied the application.